IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MACKEY, | 1:07-cv-0079-OWW-TAG HC |
|     Petitioner, | |
| vs. | <u>ORDER OF TRANSFER</u> |
| RICHARD SUBIA, Warden, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The petitioner is challenging a conviction from San Joaquin County, which is part of the Sacramento Division of the United States District Court for the Eastern District of California. Therefore, the petition should have been filed in the Sacramento Division. Although Petitioner contends in the petition that he is not challenging his conviction, Petitioner alleges that the plea agreement that resulted in his conviction has been violated. (Doc. 1, p. 9). Petitioner alleges that in return for his cooperation and testimony, the District Attorney agreed to write a letter to the Board of Prison Terms and/or the Department of Corrections "recommending that petitioner be released at the earliest possible time upon having served the minimum sentence for first-degree murder." (Doc. 1, p. 8). Petitioner was assured at the time that, if he accepted the plea agreement and fulfilled his obligations under it, he would be released after serving sixteen years eight months (<u>Id.</u> at p. 9). Petitioner further alleges that those assurances "were based on the

1 mistaken assumption that a parole recommendation from the District Attorney's office would
2 carry enough weight to ensure that petitioner received parole at his initial parole hearing." (Id.).
3 Petitioner alleges that the San Joaquin County District Attorney's representative "violated the
4 contract and written plea agreement by claiming to remain "neutral" yet made adverse statements
5 during petitioner's parole suitability hearing." (Id. at p. 12).  Petitioner further alleges that,
6 despite his cooperation, he has not yet been released on parole.  (Id. at p. 11).

7 Although Petitioner contends that he "raises no challenges herein to the judgment of
8 conviction," and that he "raises only contract claims and requests rescission or specific
9 performance" of the plea agreement, it appears that, if Petitioner intends to establish that the plea
10 agreement has been violated and should be rescinded, he is making a *de facto* challenge to his
11 conviction, which was, of course, the direct result of the plea agreement to which Petitioner
12 objects.

13 Accordingly, the Court concludes that, despite Petitioner's arguments to the contrary, by
14 challenging the plea agreement upholding his conviction he is in fact challenging his conviction
15 itself.  That conviction is from San Joaquin County, which is in the Sacramento Division of this
16 Court.  Moreover, Petitioner is currently confined in Mule Creek State Prison, Ione, California.
17 Ione, California, is located in Amador County, which is also within the Sacramento Division.

18 Pursuant to Local Rule 3-120(b), a civil action which has not been commenced in the
19 proper court may, on the court's own motion, be transferred to the proper court.  Therefore, this
20 action will be transferred to the Sacramento Division

21 Good cause appearing, IT IS HEREBY ORDERED that:
22 1. This action is transferred to the United States District Court for the Eastern District of
23 California sitting in Sacramento; and
24 ///
25 ///
26

2. All future filings shall reference the new Sacramento case number assigned and shall be filed at:

>United States District Court
>Eastern District of California
>501 "I" Street, Suite 4-200
>Sacramento, CA 95814

IT IS SO ORDERED.

Dated:   **February 13, 2007**                         /s/ Theresa A. Goldner
**j6eb3d**                                             UNITED STATES MAGISTRATE JUDGE